UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JIAN HU,<br>    Plaintiff(s),<br>v.<br>ARIA RESORT & CASINO LLC, et al.,<br>    Defendant(s). | Case No. 2:25-cv-00320-NJK<br>**Order**<br>[Docket Nos. 17, 33] |

Pending before the Court is Defendants' motion to dismiss. Docket No. 17. Plaintiff filed a response in opposition. Docket No. 24. Defendants filed a reply. Docket No. 31. Plaintiff filed a proposed surreply, Docket No. 32, and a motion for leave to file a surreply, Docket No. 33. Defendants filed a response. Docket No. 38. Plaintiff filed a reply. Docket No. 40. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to dismiss is **DENIED** without prejudice and the motion for leave to file a surreply is **DENIED** as moot.

Both counsel and *pro se* litigants are required to comply with the governing rules. *E.g.*, *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986). The motion to dismiss briefing on both sides violates the rules in several ways. The Court begins with page limits. For motions to dismiss, the motion is limited to 24 pages, the response is limited to 24 pages, and the reply is limited to 12 pages. Local Rule 7-3(b). Here, the motion to dismiss is 27 pages, the response is 38 pages, and the reply is 20 pages. Hence, every one of the briefs for the motion to dismiss violates the local rules on page limits.

Making matters worse, these filings suffer from various other violations. For example, defense counsel's papers include (sometimes lengthy) footnotes that are in tiny font, *see, e.g.*, Docket No. 17 at 1, when the rules require that all text must be in 12-point font or larger, Local Rule IA 10-1(a)(3). On the other side, Plaintiff's papers are not double spaced and often include

excessive lines of text, *see, e.g.*, Docket No. 24 at 3 (page with 35 lines of text), when the rules require papers to be generally double-spaced and to contain no more than 28 lines per page, Local Rule IA 10-1(a)(1).

In light of the above, the Court declines to resolve the instant motion to dismiss on its merits. Accordingly, Defendants' motion to dismiss (Docket No. 17) is **DENIED** without prejudice and Plaintiff's motion for leave to file a surreply (Docket No. 33) is **DENIED** as moot. If Defendants seek dismissal at the pleading stage, they must file a rule-compliant motion by May 23, 2025. Both defense counsel and Plaintiff are cautioned that they must comply with the governing rules moving forward. Failure to do so may result in significant repercussions, including striking improper filings. Local Rule IA 11-8; Local Rule IC 7-1.

IT IS SO ORDERED.

Dated: May 12, 2025

_____
Nancy J. Koppe
United States Magistrate Judge