1

2

3                              UNITED STATES DISTRICT COURT

4                                    DISTRICT OF NEVADA

5                                            * * *

6    JIAN HU,                                      Case No. 2:25-cv-00320-MMD-NJK

7                          Plaintiff,                              ORDER

8           v.

9    ARIA RESORT & CASINO LLC, *et al.*,

10                         Defendants.

11

12          In February 2025, *pro se* Plaintiff Jian Hu, a former "poker dealer at the Aria Resort

13   & Casino," initiated this action against Defendants Aria Resort & Casino LLC and MGM

14   Resorts International. (ECF No. 6 at 2, 3.)  On May 16, 2025, Defendants filed their

15   renewed motion to dismiss (ECF No. 50) which is now fully briefed. That motion is on a

16   lengthy lists of motions and issues in other cases that this Court will need to address, and

17   the Court generally addresses motions and issues in the order in which they are filed. On

18   June 2, 2025, United States Magistrate Judge Nancy J. Koppe granted Defendants'

19   motion to stay discovery, imposing a temporary stay of discovery until the Court resolves

20   the motion to dismiss, assuming that the resolution does not result in termination of this

21   case. (ECF No. 69 ("Stay Order").) Since then, in the span of about five weeks, Plaintiff

22   has filed six motions[1] (ECF Nos. 71, 75, 76, 83, 84, 93), necessitating the Court to

23   intervene to lessen the burdens on the Court and the parties.  This order addresses these

24   pending motions.

25   _____

26          [1]The docket reflects two other motions that Plaintiff filed since Judge Koppe's Stay
     Order. Paintiff filed a motion for leave to file a sur-reply in connection with Defendants'
27   motion to stay discovery (ECF No. 72). The Court denies that motion as moot by the
     issuance of the Stay Order. Plaintiff also filed a motion to file a sur-reply in connection
28   with Defendants' motion to dismiss (ECF NO. 74) which the Court will address along with
     the motion to dismiss.

1    The Court will begin with Plaintiff's motion for reconsideration of Judge Koppe's

2    Stay Order granting a temporary stay of discovery pending resolution of the motion to

3    dismiss. (ECF No. 75.)   Magistrate judges are authorized to resolve pretrial matters

4    subject to district court review under a "clearly erroneous or contrary to law" standard. 28

5    U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may

6    reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case

7    pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly

8    erroneous or contrary to law."). Plaintiff offers numerous reasons, including allegations

9    that Defendants made false statements in their motion to dismiss, failed to disclose videos

10   and records in their initial disclosures, and may alter or destroy evidence if discovery is

11   stayed. (ECF No. 75 at 2-5.)  As Plaintiff indicated, she offered evidence in response to

12   the motion to dismiss to show Defendants made false statements in connection with their

13   motion. The latter two arguments relate to discovery issues which may be resolved

14   through the normal discovery process after the stay of discovery is lifted assuming the

15   case is not dismissed. Plaintiff has failed to show that Judge Koppe clearly erred in

16   imposing a stay of discovery. Finally, contrary to Plaintiff's contention, the Court finds

17   Judge Koppe did not cleary err in determining discovery should be stayed under the three-

18   factor test articulated in *Kor Media Group, LLC v. Green,* 294 F.R.D. 579, 581 (D. Nev.

19   2013). For these reasons, the Court denies Plaintiff's motion for reconsideration (ECF No.

20   75).

21    As Judge Koppe ordered, discovery is stayed pending the Court's resolution of

22   the pending motion to dismiss. (ECF No. 69.) Accordingly, Plaintiff's assertions of

23   Defendants' alleged discovery related conduct raised in the remaining pending motions

24   (ECF Nos. 71, 76, 83, 84, 93) are denied as moot. Because the Court has not resolved

25   these motions on the merits, Plaintiff may raise these discovery related issues after the

26   stay is lifted assuming the case is not dismissed.

27    In light of Plaintiff's pattern of filings in this case, the Court will extend the stay of

28   discovery to a stay of all filings to conserve judicial resources. This means the parties

1   cannot file any other motions until the Court resolves the pending motion to dismiss (ECF

2   No. 50) and the related motion to file a sur-reply (ECF No. 74).

3        In sum, the Court denies Plaintiff's motion for reconsideration (ECF No. 75) for the

4   reasons discussed here. Relatedly, the Court denies discovery related motions (ECF Nos.

5   71, 76, 83, 84, 93) as moot. Separately, the Court denies Plaintiff's motion to file a sur-

6   reply (ECF No. 72) as moot by Judge Koppe's Stay Order.

7        To be clear, discovery continues to be stayed pending the Court's ruling on the

8   motion to dismiss. The Court additionally stays all filings pending resolution of the motion

9   to dismiss.

10       DATED THIS 15th Day of July 2025.

11

12

13                              _____
                                MIRANDA M. DU
                                UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28