UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JIAN HU,<br><br>                Plaintiff,<br>      v.<br>ARIA RESORT & CASINO LLC, *et al.*,<br><br>                Defendants. | Case No. 2:25-cv-00320-MMD-NJK<br><br>ORDER |

**I.     SUMMARY**

Pro se Plaintiff Jian Hu brings this action against Defendants Aria Resort & Casino LLC and MGM Resorts International, asserting a variety of civil and criminal causes of action arising from her alleged wrongful termination as a poker dealer. (ECF No. 6 ("Complaint").) Defendants filed a motion to dismiss. (ECF No. 50 ("Motion").)[1] For the reasons explained below, the Court grants the Motion.

**II.     BACKGROUND**[2]

Plaintiff was a poker dealer working under the employment of Defendant Aria, starting from November 28, 2018 and ending on August 24, 2023. (ECF No. 6 at 3.) She took a month-long vacation, and when she returned to work on August 17, 2023, she was escorted to a meeting with Poker Operation Director Ryan Kirk, Surveillance Officer Beau, and interpreter Kitty Cheng. (*Id.*) At this meeting, Plaintiff was asked about what happened when she was dealing at table 20 on July 19, 2023. (*Id.*) Plaintiff explained that a player had given her a "pre-tip" of $20 in chips, but the player changed his mind after

---

[1] Plaintiff responded (ECF No. 63) and Defendants replied (ECF No. 68). The Court denies Plaintiff's motion for leave to file a surreply (ECF No. 74) because the Court finds further briefing to be unnecessary.

[2] The following facts are adapted from the Complaint, though the allegations are difficult to discern.

winning, asked for the money back, and then tipped her $1. (*Id.* at 3-4.) Beau accused Plaintiff of lying and said that after the July 19 incident, they had discovered that Plaintiff took $200 in tips from the pot during that last week. (*Id.* at 4.) Plaintiff said that she took pre-tips, which were a part of her legal income. (*Id.*) Plaintiff said that other dealers took pre-tips and questioned why she was the only one accused, but Plaintiff didn't receive any response. (*Id.*)

Plaintiff alleges that the practice of taking pre-tips is an "unwritten rule and common practice" in most casinos including Aria. (*Id.*) She also disputes that she was working on the day of July 19, 2023. (*Id*. at 5.) Plaintiff was subsequently discharged from Aria. (*Id.* at 6.) On or about July 26, 2023, Defendants falsely reported Plaintiff's alleged theft to the Nevada Gaming Control Board, leading to the revocation of her gaming card and termination from multiple casino jobs. (*Id.* at 28.) When she applied for unemployment benefits with the Nevada Department of Employment, Training and Rehabilitation ("DETR"), her claim was denied because Defendants falsely accused her of misconduct. (*Id.* at 28-29.) Plaintiff suspected that she was retaliated against by Defendants, who fabricated evidence and manipulated videos to unjustly terminate her. (*Id.* at 11.)

Plaintiff's 64-page Complaint contains thirteen nearly incomprehensible causes of action brought under multiple legal theories and statutes that do not create causes of action, including state and federal criminal statutes and Federal Rule of Civil Procedure 11. (*Id.* at 32-59.)

**III.   DISCUSSION**

Defendant moves to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact in the complaint and construes them in the light

most favorable to the plaintiff. See *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

The Court generally agrees with Defendants that Plaintiff has failed to state a claim that would entitle her to relief in her Complaint, and that Plaintiff does not make clear whom plaintiff is suing for what wrongs. (ECF No. 50 at 8.) Regarding Plaintiff's claims brought under criminal statutes, criminal statutes provide no basis for civil liability unless the statute explicitly provides for one. See *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Since Plaintiff's claims based on federal and state criminal statutes fail to state a claim upon which relief can be granted, the Court grants Defendants Motion and denies these claims with prejudice as amendment would be futile.

As to Plaintiff's remaining claims, although the Court must construe Plaintiff's pro se Complaint liberally, "a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). After reviewing Plaintiff's Complaint, the Court can neither discern Plaintiff's remaining causes of action nor understand what facts are alleged in support of thereof. Plaintiff may have claims, but the Court cannot read-in such claims for her. Accordingly, the Court grants Defendants' Motion but grants Plaintiff leave to amend to re-allege her remaining claims.

Although the Court grants Plaintiff leave to amend, it does not grant Plaintiff leave to amend in any way that she sees fit. The Court informs Plaintiff that under Federal Rule of Civil Procedure 8(a), a pleading need only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). She need not and should not allege very many facts. Rather, in each claim, she should allege facts sufficient

to show what each defendant did to violate her rights. Moreover, the Court notes that Plaintiff attached a great deal of documentation to her Complaint (ECF No. 6 at 65-101) and that large sections of the Complaint appear to be copy and pasted from ChatGPT (*id*. at 7-9; 22-27). The Court advises Plaintiff that such documentation is not required at the pleading stage, and that off-topic content generated by AI will not be of help to her case.

If Plaintiff chooses to file an amended complaint, she is advised that an amended complaint replaces the Complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). This means that the amended complaint must contain all facts and claims and identify all defendants that she intends to sue.

## IV.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 50) is granted. Plaintiff's Complaint (ECF No. 6) is dismissed in its entirety for failure to state a claim. Claims brought under state and federal criminal statutes are dismissed with prejudice as amendment would be futile. Plaintiff has leave to amend her remaining claims.

It is further ordered that Plaintiff has 30 days from the date of this order to file an amended complaint.

It is further ordered that, if Plaintiff chooses not to file an amended complaint within 30 days of this order, this action will be subject to dismissal with prejudice for failure to state a claim.

It is further ordered that Plaintiff's motion for leave to file surreply (ECF No. 74) is denied.

DATED THIS 7th Day of November 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE