UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jian Hu, | Case No. 2:25-cv-00320-MMD-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket No. 133] |
| Aria Resort & Casino LLC, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's notice and request for limited procedural correction. Docket No. 133.[1] Although not entirely clear, the Court construes this filing as seeking reconsideration of the undersigned's order granting Defendants' motion to stay discovery and denying without prejudice the pending discovery-related motions. *See, e.g.*, Docket No. 133 at 2 (referencing the undersigned's order at Docket No. 130).[2] The Court does not require a response or a hearing. *See* Local Rule 79-1.

"Motions for reconsideration are disfavored." Local Rule 59-1(b). "Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal quotations omitted). The local rules establish the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] To the extent Plaintiff seeks relief different or beyond reconsideration from the undersigned, such request is denied without prejudice. *See, e.g.*, Local Rule IC 2-2(b) (requiring separate filing for separate requests).

1

intervening change in controlling law. Local Rule 59-1(a). A motion for reconsideration is not a vehicle to rehash the arguments already presented. Local Rule 59-1(b).

Plaintiff has not established a basis for reconsideration. The gist of Plaintiff's motion is that she must be permitted discovery prior to resolution of the pending motion to dismiss and, relatedly, that the Court must consider her request for sanctions for alleged spoliation prior to resolution of the pending motion to dismiss. The Court is not persuaded. The Federal Rules of Civil Procedure "do[ ] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[P]laintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (emphasis in original). At this stage, United States District Judge Miranda M. Du granted Defendants' first motion to dismiss, Docket No. 95, Defendants filed a motion to dismiss Plaintiff's amended complaint, Docket No. 108, and the undersigned has found that Defendants' second motion to dismiss does not require discovery for its resolution and is sufficiently meritorious to warrant a stay of discovery pending its resolution, Docket No. 130 (citing *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013)). Plaintiff is not entitled to proceed with discovery given these circumstances.

Plaintiff has also not persuaded the Court that it must consider a sanctions motion before the Court has ruled on a motion to dismiss challenging the sufficiency of Plaintiff's pleadings. "[Q]uestions of the timing and sequence of motions" are matters entrusted to the district court's broad discretion. *Enlow v. Tishomingo Cnty., Miss.*, 962 F.2d 501, 507 (5th Cir. 1992); *see also, e.g.*, *PlayUp, Inc. v. Mintas*, 2024 WL 967904, at *1 (D. Nev. Feb. 6, 2024) (deferring ruling on spoliation motion). As Plaintiff's motion acknowledges, Judge Du has already indicated that the sufficiency of Plaintiff's pleadings is properly decided before addressing her requests for sanctions. *See* Docket No. 133 at 2 (noting order at Docket No. 94, which denied multiple sanctions motions while discovery was stayed pending resolution of the then-pending motion to dismiss). Plaintiff is not entitled to resolution of her requests for sanctions before resolution of Defendants' motion to dismiss.

1. Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration.
2. IT IS SO ORDERED.
3. Dated: January 6, 2026

_____
Nancy J. Koppe
United States Magistrate Judge