UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JIAN HU,

Plaintiff,

v.

ARIA RESORT & CASINO, *et al.*,

Defendants.

Case No. 2:25-cv-00320-MMD-NJK

ORDER

I.    **SUMMARY**

Pro se Plaintiff Jian Hu brings this action against Defendants Aria Resort & Casino, LLC ("Aria") and MGM Resorts International ("MGMRI") (collectively, "Defendants") alleging claims arising from her termination from Aria, where she worked as a poker dealer. (ECF No. 96 ("First Amended Complaint" or "FAC").) Before the Court is Defendants' motion to dismiss Plaintiff's first amended complaint. (ECF No. 108 ("Motion").)[1] Additionally before the Court are Defendants' motion for pre-filing order (ECF No. 129)[2] and Plaintiff's other filings: a motion to strike (ECF No. 122)[3]; a motion for leave to file sur-reply (ECF No. 136)[4] in response to Defendants' Reply; an Objection to Magistrate Judge orders (ECF No. 143 ("Objection"))[5]; and a motion for temporary stay of proceedings pending petition for Writ of Mandamus (ECF No. 147)[6].

---

[1]Plaintiff responded (ECF No. 124) and Defendants replied (ECF No. 128 ("Reply")).

[2]Plaintiff responded (ECF No. 135) and Defendant replied (ECF No. 138.)

[3]Defendant responded (ECF No. 131) and Plaintiff replied (ECF No. 137).

[4]Defendants responded (ECF No. 139) and Plaintiff replied (ECF No. 141).

[5]Defendants responded (ECF No. 144) and Plaintiff filed a reply (ECF No. 145) without leave of the Court.

[6]Plaintiff's Petition for a Writ of Mandamus was denied on June 2, 2026.

For the reasons discussed herein, the Court grants Defendants' Motion as to the federal claims and overrules Plaintiff's Objection. The Court further denies all other pending motions as moot.

## II.    BACKGROUND

### A.    Procedural Background

On November 7, 2025, the Court issued an order granting Defendants' motion to dismiss Plaintiff's initial complaint. (ECF No. 95 ("Order").) The Court noted that Plaintiff's 64-page complaint contained "thirteen nearly incomprehensible causes of action brought under multiple legal theories and statutes that do not create causes of action, including state and federal criminal statutes and Federal Rule of Civil Procedure 11" and contained large sections that appeared to have been copy-and-pasted from ChatGPT. (*Id.* at 2, 4.) The Court denied claims brought under criminal statutes that provided no basis for civil liability with prejudice as amendment would be futile, but granted Plaintiff leave to re-allege her remaining claims. (*Id.* at 3-4.) Plaintiff timely filed her FAC. (ECF No. 96.)

### B.    Factual Background[7]

Plaintiff worked as a poker dealer at Aria in Las Vegas, Nevada from November 18, 2018 to approximately August 24, 2023. (ECF No. 96 at 4.) During 2020 to 2021, Plaintiff "required schedule coordination" from Ryan Kirk, Poker Operations Director. (*Id.*) Kirk exploited his power by "demanding 'cash payments' from Plaintiff" in exchange for "providing this basic managerial function." (*Id.*) When she paused these payments, Kirk would interfere with her work schedule, which forced her to go to his office to request a stable schedule, and he would "extort cash" from Plaintiff and "subject her to opportunistic sexual harassment to touch her body." (*Id.*) Kirk also "engaged in unwelcome physical proximity and staring," standing next to her poker table for no apparent reason. (*Id.*) Kirk was committing illegal acts of extortion and sexual harassment and Defendants "orchestrated a complex conspiracy" to cover up his acts and punish Plaintiff. (*Id.* at 5.)

---

[7]The following facts are adapted from the FAC, as best as the Court can discern Plaintiff's allegations.

On August 17, 2023, Plaintiff went to work and was escorted to a meeting with Kirk and Beau, a surveillance staff member, where she was falsely accused of "'wrong doing for accepting tip from pot' at table 20 on July 19, 2023." (*Id.* at 6.) Kirk and Beau fabricated a story that a casino customer complained about Plaintiff but they didn't show any videos to her or tell her details about the complaint. (*Id.*) Kirk and Beau reviewed surveillance footage and said that Plaintiff had taken chips from the pot seven times, totaling about $200. (*Id.*) Plaintiff admitted that these were all "pre-tips" that she took after customers requested her to take them, and this was a common practice in Aria and in many poker rooms in Las Vegas. (*Id.*) Later, Plaintiff told HR via a telephone call that she was not working on July 19, 2023, and complained that she was being mistreated by management. (*Id.*) On or about August 24, 2023, Plaintiff was terminated from employment, causing her physical damage and emotional distress, for which Plaintiff went to the hospital emergency room for about three hours that night. (*Id.* at 5.)

Defendants fabricated evidence of theft, tampered with surveillance videos, and manipulated or conspired with officers of the Nevada Gaming Control Board to create a false "Nevada District Attorney document" resulting in Plaintiff losing her gaming license and multiple jobs. (*Id.* at 5, 13.) Moreover, Defendants submitted fabricated photos and videos to the Nevada Department of Employment, Training and Rehabilitation and the Employment Security Division to wrongfully interfere with Plaintiff's claim for unemployment benefits. (*Id.* at 9-10.)

In December 2024, Plaintiff went to the poker room at Aria and recorded a white female dealer taking a pre-tip from the pot and Aria employees conspired to intimidate her to delete evidence from her phone. (*Id.* at 11.) Defendants intimidated her witnesses to prevent them from helping her collect evidence. (*Id.*) Additionally, Defendants "backdat[ed]" its policies related to "receiving tokes from the pot" and video and photo storage requirements, to "create a pre-textual justification for anticipated litigation" and "cloak Defendants' prior unlawful act of evidence destruction." (*Id.* at 12.)

Arising from these allegations, Plaintiff brings 24 claims: defamation/defamation per se; fraud/intentional misrepresentation; sexual harassment / hostile work environment under Title VII; wrongful termination; sex discrimination under Title VII; negligent misrepresentation; malicious prosecution; abuse of process; fraudulent concealment; IIED; NIED; civil conspiracy; deprivation of due process; intra-corporate conspiracy; RICO; RICO conspiracy; aiding and abetting fraud; negligent hiring, retention & supervision; breach of the implied covenant of good faith & fair dealing; Title VII retaliation; unlawful retaliation under NRS § 613.340; failure to pay earned wages; conversion; and unjust enrichment. (*Id.* at 16-34.)

III.   **MOTION TO DISMISS**

   A.   **Discussion**

Defendant moves to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[8] Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Allegations of a pro se complainant are held

---

[8]Defendants also move to dismiss under Rule 12(b)(1) because Plaintiff failed to exhaust her administrative remedies. Under Rule 12(b)(1), a party may assert lack of subject-matter jurisdiction by motion. Fed. R. Civ. Pro. 12(b)(1). The United States Supreme Court notes a distinction between jurisdictional requirements and nonjurisdictional claim-processing rules. *See Fort Bend County, Texas v. Davis*, 587 U.S. 541, 548-51 (holding that Title VII's charge-filing requirement is not jurisdictional). Accordingly, the Court rejects dismissal under Rule 12(b)(1) as it would be improper.

to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

As an initial matter, Defendants argue in their Motion that Plaintiff was only granted limited leave to amend her remaining causes of action and claims that exceed the scope of the Court's Order should be dismissed. (ECF No. 108 at 7-8.) The Court agrees with Defendants that claims exceeding the scope of the Order should be dismissed, but the Court disagrees with Defendants' assertion that Plaintiff is only entitled to amend five causes of action. As the Court noted in its Order and has reiterated here, Plaintiff's initial complaint set forth muddled claims[9] and here too, Defendants note the claims before the Court now are "unclear based on the convoluted nature of Plaintiff's FAC." (*Id.* at 8.)

Liberally construing Plaintiff's claims as alleged in the initial complaint[10] and her amended claims in the FAC, the Court finds that Plaintiff's claims related to defamation, sexual harassment, disparate treatment, and retaliation under Title VII, retaliation under state law, fraud and misrepresentation, wrongful termination, abuse of process and malicious prosecution fall within the scope of the Court's Order granting Plaintiff leave to amend. Because Plaintiff brings this case under 28 U.S.C. § 1331 and invokes supplemental jurisdiction under 28 U.S.C. § 1367(a) over her remaining state law claims (ECF No. 96 at 1), the Court first considers her federal claims.

///

///

///

---

[9]Plaintiff's claims in the initial complaint are as follows: defamation (libel & slander); fraud, falsified evidence, video tampering and intentional misrepresentation; malicious dismissal; hostile work environment, psychological coercion, emotional exploitation and interfering with income; sexual harassment, retaliation and discrimination; civil conspiracy; IIED; witness intimidation and retaliation; evidence tampering and fabrication of false evidence; spoliation of evidence and obstruction of justice; malicious prosecution; abuse of process; obstruction of justice, witness tampering false imprisonment, and violation of gaming laws. (ECF No. 6 at 33-63.)

[10]The Court dismisses Plaintiff's other claims, including her RICO claims, because Plaintiff did not have leave to amend as to these claims.

5

### B.     Plaintiff's Federal Claims

Defendants argue that Plaintiff's Title VII claims brought under 42 U.S.C. § 2000e-2(a)-3(a)[11] should be dismissed because Plaintiff failed to exhaust her administrative remedies and she is time barred from doing so now. (ECF No. 108 at 11-15.) Plaintiff counters that she exhausted all administrative remedies. (ECF No. 124 at 7.) She cites to a declaration with accompanying exhibits in which she states that she sent complaints via email to the Nevada Labor Commissioner and U.S. Department of Labor, and in January 2024 she went to the Nevada Equal Rights Commission office to file a formal complaint, but was advised by staff there that her claims were not protected under statutes enforced by the EEOC. (ECF No. 73 at 1-2.)[12]

Before a plaintiff may bring a claim under Title VII, the plaintiff must first exhaust administrative remedies. *See Love v. Pullman Co.*, 404 U.S. 522, 523 (1972) ("A person claiming to be aggrieved by a violation of Title VII. . . may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief."); *Sommatino v. United States*, 255 F.3d 704, 709 (9th Cir. 2001) ("In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies."). Exhaustion requires that the complainant file a timely charge with the EEOC, thereby allowing the agency time to investigate the charge. *See* 42 U.S.C. § 2000ff-6. A plaintiff timely files a charge with the EEOC if the charge is filed "within 180 days from the last act of alleged discrimination" or, in a state like Nevada that has its own local agency, within 300 days of the last discriminatory act. *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175 (9th Cir. 1999). Here, Plaintiff does not dispute that she did not file a charge of discrimination with the EEOC. Plaintiff's assertion that she

---

[11]Defendants included Plaintiff's state law retaliation claim under NRS § 613.340 in their exhaustion argument. The Court declines to address this state law claim.

[12]The Court considers this document as part of the pleading, because it forms the basis of certain of Plaintiff's claims. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (stating that a court may consider "documents incorporated by reference in the complaint"— including where the "document forms the basis of the plaintiff's claim"— without converting the motion to dismiss into a motion for summary judgment).

sent complaints via emails does not satisfy the requirement that Plaintiff file a charge with the agency.

To the extent Plaintiff cites to her efforts to file a charge to argue equitable tolling, the Court finds she has not demonstrated equitable tolling.[13] Exhaustion is akin to a statute of limitations and is subject to equitable tolling. *Leong v. Potter*, 347 F.3d 1117, 1122-23 (9th Cir. 2003) (citations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990). Even accepting Plaintiff's claim that she did not file a charge because of what the Nevada Equal Rights Commission staff told her, such a claim does not rise to the level of extraordinary circumstances. *See Irwin*, 498 U.S. at 96 (holding that equitable tolling does not apply to "a garden variety claim of excusable neglect"); *see also Ilaw v. Daughters of Charity Health Sys., Inc.*, 585 F. App'x 572 (9th Cir. 2014) (mem.) (rejecting plaintiff-appellant's argument that his Title VII claims should be subject to equitable tolling because of his counsel's failure to bring claims, despite plaintiff-appellant's stated desire to bring the claims, as neglect).

In sum, the Court agrees with Defendants that Plaintiff failed to timely exhaust her administrative remedies as to her Title VII claims and is now barred from pursuing these claims. *See* 42 U.S.C. § 2000e-5(e)(1). Accordingly, the Court grants Defendants' Motion as to Plaintiff's Title VII claims. Dismissal is with prejudice and without leave to amend as amendment would be futile.

### C.     Remaining State Law Claims

Because the claims that give the Court federal question jurisdiction will be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's

---

[13]Plaintiff states in her FAC that she "diligently sought administrative relief by submitting multiple complaints to relevant labor agencies, including the Nevada Labor Commissioner, the Nevada Equal Rights Commission ("NERC"), and the [EEOC]." (ECF No. 96 at 3.)

remaining state law claims pursuant to 28 U.S.C. § 1367(c). The Court will dismiss these claims without prejudice to Plaintiff pursuing these claims in state court.

## IV.    PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE ORDERS

On December 23, 2025, Magistrate Judge Nancy J. Koppe issued an order granting Defendants' motion to stay discovery (ECF No. 109) and denying Plaintiff's various discovery-related motions (ECF Nos. 97, 101, 112). (ECF No. 130.) Plaintiff filed a "motion to request limited procedural correction prior to dispositive ruling" on December 29, 2025. On January 6, 2026, Judge Koppe issued an order construing the motion as a motion for reconsideration and denying it because Plaintiff did not establish a basis for reconsideration. (ECF No. 140). On January 14, 2026, Plaintiff filed her Objection[14] to both orders (ECF Nos. 130, 140 (collectively, "Orders")). (ECF No. 143.)

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (a "district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LB IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). Here, Plaintiff has not demonstrated that Judge Koppe made clear errors in her rulings.

Plaintiff contends that ECF No. 130 was erroneous in light of Plaintiff's allegations about "evidence integrity, including the alteration of surveillance materials, manipulation of records, and internal date inconsistencies." (ECF No. 143 at 2.) Plaintiff contends that ECF No. 140 is "erroneous because it perpetuates and refuses to correct the fundamental legal errors contained in [ECF No. 130]." (*Id.*) The Court disagrees. As to ECF No. 130, Judge Koppe reviewed Defendants' motion for stay, the related briefing, and relevant

---

[14]As an initial matter, the Court notes Defendants' argument that the Court need not address Plaintiff's Objection to the extent that it relates to ECF No. 130 because her Objection was not timely. (ECF No. 144 at 3.) However, Plaintiff's Objection as to ECF No. 140 is intertwined with ECF No. 130, so the Court will address the Objection in full.

standard under *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) and found that a stay of discovery was warranted. (ECF No. 130 at 1.) As to ECF No. 140, Judge Koppe found that Plaintiff had not established a basis for reconsideration as to this decision. (ECF No. 140 at 2.) Judge Koppe noted that Plaintiff essentially sought to engage in discovery prior to the resolution of the Defendants' motion to dismiss, but Plaintiff was not entitled to discovery given the stage of the case. (*Id.*)

The Court finds that Judge Koppe did not clearly err and will overrule Plaintiff's Objection.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 108) is granted in part and denied in part. Plaintiff's sexual harassment/hostile work environment, disparate treatment, and retaliation claims brought under Title VII are dismissed with prejudice as amendment would be futile. The Court declines to exercise supplemental jurisdiction as to Plaintiff's remaining state law claims.

It is further ordered that Plaintiff's motion to strike (ECF No. 122), motion for leave to file sur-reply (ECF No. 136), and motion for temporary stay of proceedings pending petition for Writ of Mandamus (ECF No. 147) are denied as moot.

It is further ordered that Defendants' motion for pre-filing order (ECF No. 129) is denied as moot.

It is further ordered that Plaintiff's objection to Magistrate Judge orders (ECF No. 143) is overruled.

The Clerk of Court is directed to enter judgment and close this case. No more motions may be filed in this now-closed action.

///

DATED THIS 3rd Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE